UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK J. GOSSETT,<br><br>                         Petitioner,<br>    v.<br><br>JASON BENNETT,<br><br>                         Respondent. | CASE NO. 3:24-cv-05130-DGE<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

      Presently before the Court is the Report and Recommendation ("R&R") of the Honorable Michelle L. Peterson, United States Magistrate Judge. (Dkt. No. 4.) On February 16, 2024, Petitioner filed a proposed habeas petition. (Dkt. No. 1-1.) The petition relates to a judgment and sentence entered in the Thurston County Superior Court in 2010. (*Id.* at 2.) Petitioner appears to assert that his continued detention violates the Fourth Amendment because the Thurston County court did not issue a warrant for his arrest. (Dkt. No. 1-4 at 2.)

      After reviewing the state court docket, Judge Peterson found that in Petitioner's underlying criminal case, an Information was filed, an Order Determining Probable Cause was

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

entered, and a summons was issued. (Dkt. No. 4 at 2 n. 1.) Judge Peterson also noted that Petitioner appeared at his arraignment voluntarily, obviating the need for an arrest warrant. (*Id.*)

Judge Peterson also noted that Petitioner previously filed a federal habeas petition challenging the same 2010 Thurston County Superior Court judgment and sentence in July 2015, which was dismissed on the merits on January 20, 2016. (Dkt. No. 4 at 2.) Judge Peterson found this rendered the instant petition "second or successive" for purposes of 28 U.S.C. § 2244, which prohibits the district court from considering such a petition before the applicant moves for and receives an order from the Ninth Circuit Court of Appeals authorizing the district court to consider the application. (*Id.* at 2–3.) Finding no evidence that the Ninth Circuit authorized the filing of the petition, Judge Peterson found the Court lacked jurisdiction over the petition and recommended dismissal. (*Id.* at 3.) Judge Peterson also recommended the Court deny a certificate of appealability. (*Id.*)

On March 7, 2024, Petitioner filed objections to the R&R. (Dkt. No. 5.) Petitioner also filed a Motion to Supplement his objections. (Dkt. No. 7.) Because Petitioner's motion was filed before the deadline for objections, Petitioner's motion is GRANTED, and the Court will consider the additional objections raised in Petitioner's motion.

Many of Petitioner's objections do not address the issue raised by Judge Peterson, namely that the petition is second or successive and cannot proceed in this Court absent authorization from the Ninth Circuit. However, Petitioner does argue his petition is not second or successive because the Washington Court of Appeals remanded his case for resentencing in 2012. (Dkt. No. 5 at 5.) Petitioner also contends his Fourth Amendment claim was not raised in his first habeas petition. (*Id.* at 5–6.)

The fact that Petitioner's case was remanded for sentencing in 2012 is not relevant to the issues raised in the R&R, and the Court finds the petition challenges the judgment at issue in the previous habeas petition and is second or successive for purposes of 28 U.S.C. § 2244.[1]  As for Petitioner's new Fourth Amendment claim, a claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application must be dismissed unless the new claim relies on "a new rule of constitutional law, made retroactive on collateral review" or "turns on newly discovered evidence that shows a high probability of actual innocence."  *Balbuena v. Sullivan*, 980 F.3d 619, 634–635 (9th Cir. 2020); 28 U.S.C. § 2244(b)(2).  Petitioner has not shown his claim meets either of these exceptions.

Even if Petitioner could present evidence that he met one of the two narrow exceptions to Section 2244's bar on new claims, the district court would not have jurisdiction over Petitioner's claim absent authorization from the Ninth Circuit.  28 U.S.C. § 2244(b)(3)(A); *see also Cooper v. Calderon*, 274 F.3d 1270, 1274–1275 (9th Cir. 2001) (once a district court recognizes that a habeas petition is second or successive, it lacks jurisdiction to consider the merits of the petition).

Petitioner also argues he should be granted a certificate of appealability because his claim raises numerous Fourth Amendment and due process violations.  (Dkt. No. 5 at 7.)  A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial

---

[1] Petitioner asserts the state appellate court remanded his case for resentencing on August 27, 2012 and that at a hearing on December 14, 2023, "the state conceded that resentencing had not occurred." (Dkt. No. 5 at 5.)  Notwithstanding this assertion, Petitioner does not provide any evidence supporting this contention.  Moreover, because Petitioner identifies that no new judgment and sentence has been entered, the original judgment and sentence continues to be the operative judgment and sentence for purposes of Petitioner's current petition.

ORDER ADOPTING REPORT AND RECOMMENDATION - 3

of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the R&R, the Court finds Petitioner has not met this standard.

The Court, having reviewed de novo Petitioner's petition for writ of habeas corpus, the Report and Recommendation of Judge Peterson, Petitioner's objections, and the remaining record, hereby finds and ORDERS:

1) The Report and Recommendation (Dkt. No. 4) is ADOPTED.

2) Petitioner's petition for writ of habeas corpus (Dkt. No. 1-1) and this action are DISMISSED pursuant to 28 U.S.C. § 2244(a), as the petition constitutes an unauthorized second or successive petition and this Court therefore lacks jurisdiction to consider it.

3) In accordance with Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability is DENIED.

4) All other pending motions are DENIED.

Dated this 8th day of April, 2024.



David G. Estudillo
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION - 4